INTERNATIONAL COAL MINING CO. v. PENNSYLVANIA R. CO.

(Circuit Court, E. D. Pennsylvania. July 17, 1908.)

No. 69.

1. NEW TRIAL—GROUNDS—DOCUMENTS—FAILURE TO PRODUCE.

Where, in an action against a carrier for unlawful discrimination, defendant produced all the books necessary to enable plaintiff to prove all the facts alleged in its statement, and admitted the payment of the rebates claimed to plaintiff's competitors, plaintiff was not entitled to a new trial because of defendant's failure to produce other documents called for at the trial; there being no necessity for further evidence under the circumstances.

**2. CARRIERS—DISCRIMINATION—REBATES.**

In a suit against a carrier for unlawful discrimination by granting rebates to plaintiff's competitors, plaintiff could not recover damages accruing during a period when it received rebates from defendant because they were less than those given to plaintiff's competitors.

Overruling Motions and Reasons for a New Trial.

J. W. M. Newlin, for plaintiff.

Sellers & Rhoads and Francis I. Gowen, for defendant.

HOLLAND, District Judge. This was a suit instituted in the United States court against the defendant for an unlawful discrimination, and the jury rendered a verdict in favor of the plaintiff for the sum of $12,013.51. In due time both plaintiff and defendant filed motions and reasons for a new trial. Neither the plaintiff's nor the defendant's reasons for a new trial will be considered seriatim. The reasons for the particular rulings of the court objected to by the plaintiff and which are now made reasons for a new trial by it appear upon the record, and we think in every case justifies the view taken by the court.

One of the plaintiff's reasons assigned was the defendant's failure to produce certain documents called for at the trial, and the court's refusal to give judgment against the plaintiff for default. The defendant produced all the books necessary to enable the plaintiff to prove all the facts alleged in its statement, and, in fact, admitted the payment of the amounts to the plaintiff's competitors in the coal business which the plaintiff alleged were paid by way of rebates, so that there was no necessity for the further production of books or papers.

The other reasons of the plaintiff for a new trial we do not think need to be discussed, with the exception of the tenth, which is as follows:

"The court erred in charging the jury that the plaintiff could not recover for discriminations against the plaintiff practiced in any year in which the plaintiff had itself received the partial return from the railroad company on its freight paid."

The evidence showed that the plaintiff had been a persistent solicitor for rebates and had received certain repayments with all its competitors up to about April 1, 1899. Subsequent to this date it was as persistent in demanding rebates as any of its competitors, but for some reason received none, and this continued during the balance of the time covered by the plaintiff's statement. The court refused to permit the plaintiff to recover against the railroad company for the period during which it was engaged in the violation of the law to the same extent as its competitors, although at the trial it claimed that, while it was violating the law in inducing the railroad company to give it a rebate, yet its complaint was that it had not succeeded in forcing out of the railroad as much as its competitors were able to get, and asserted the right to recover the difference. The claim of the plaintiff in this regard is, to say the least, so obviously improper that the mere statement of the facts is sufficient, in our judgment to show that the ruling was entirely right in refusing to permit the courts to be used in an effort to make an even division of what may be called commercial graft.

The reasons assigned for a new trial by the defendant are all exceptions either to the charge of the court or to the refusal of the court to instruct the jury, as requested, in certain points submitted  All the important questions raised in the reasons assigned for a new trial were very elaborately argued at the trial and patiently considered by the court.  After a re-examination of the position then taken in regard to these questions, we are unable to discover any error in the court's charge or refusal to charge as requested.  The charge fully covers all the points now raised, and we still think the law as applied to the facts in this case is therein correctly stated.

The motions and reasons for a new trial filed both by the plaintiff and defendant are overruled, and a new trial refused.